**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**PADUCAH DIVISION**

JAMES A. WRIGHT                                                          **PLAINTIFF**

v.                                                    **CIVIL ACTION NO. 5:17CV-P170-TBR**

FULTON CO. DETENTION CTR.                                    **DEFENDANT**

## MEMORANDUM OPINION

This matter is before the Court on initial review of Plaintiff James A. Wright's *pro se*

complaint pursuant to 28 U.S.C. § 1915A.  For the reasons that follow, the Court will dismiss the

instant action.

## I.  SUMMARY OF CLAIMS

Plaintiff, a convicted state prisoner, brings this action pursuant to 42 U.S.C. § 1983

against the Fulton County Detention Center (FCDC), the facility in which he is currently

incarcerated.  He alleges, "we was out working for the City of Hickman when the Jail Worker

ran off the road and into a ditch."  He continues, "5 inmates was passengers in a bus the Driver

ran off the road metal window came in and struck me on my neck [and] head and through me in

the floor.  The Driver had a dirty urine and was fired."  Plaintiff claims, "my left side has been

numb ever since and I have had little medical attention."  As relief, Plaintiff indicates that he

wants "to sue for pain [and] injury."

## II.  STANDARD OF REVIEW

Because Plaintiff is a prisoner seeking relief against governmental entities, officers,

and/or employees, the Court must review the complaint under 28 U.S.C. § 1915A.  Under

§ 1915A, the trial court must review the complaint and dismiss the complaint, or any portion of the complaint, if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The trial court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327. In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557).

Although courts are to hold *pro se* pleadings "to less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519 (1972), this duty to be less

stringent "does not require us to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), or to create a claim for a plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require courts "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

## III. <u>ANALYSIS</u>

As an initial matter, the Court advises that the FCDC is not an entity subject to suit under § 1983. *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994). Rather, the claims against the FCDC actually are against Fulton County as the real party in interest. *Id.* ("Since the Police Department is not an entity which may be sued, Jefferson County is the proper party to address the allegations of Matthews's complaint."); *see also Blay v. Daviess Cty. Det. Ctr.*, 4:07CV-P69-M, 2007 WL 2809765, at *1 (W.D. Ky. Sept. 25, 2007); *Fambrough v. Vaught*, 4:06CV-P130-M, 2007 WL 891866, at *1 (W.D. Ky. Mar. 21, 2007) ("[T]he claims against the detention center are . . . against [the County] as the real party in interest."); *Smallwood v. Jefferson Cty. Gov't*, 743 F. Supp. 502, 503 (W.D. Ky. 1990) (suit against fiscal court is actually suit against county itself).

When a § 1983 claim is made against a municipality, this Court must analyze two distinct issues: (1) whether Plaintiff's harm was caused by a constitutional violation; and (2) if so, whether the municipality is responsible for that violation. *Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 120 (1992). The Court will address the issues in reverse order.

"[A] municipality cannot be held liable *solely* because it employs a tortfeasor -- or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory." *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691(1978); *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994); *Berry v. City of Detroit*, 25 F.3d 1342, 1345 (6th Cir. 1994). "[T]he touchstone of 'official policy' is designed 'to distinguish acts of the *municipality* from acts of *employees* of the municipality, and thereby make clear that municipal liability is limited to action for which the municipality is actually responsible.'" *City of St. Louis v. Praprotnik*, 485 U.S. 112, 138 (1988) (quoting *Pembaur v. Cincinnati*, 475 U.S. 469, 479-80 (1986)). To demonstrate municipal liability, a plaintiff "must (1) identify the municipal policy or custom, (2) connect the policy to the municipality, and (3) show that his particular injury was incurred due to execution of that policy." *Alkire v. Irving*, 330 F.3d 802, 815 (6th Cir. 2003) (citing *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993)).

None of the allegations in the complaint indicate that any alleged wrongdoing or injury occurred as a result of a policy or custom implemented or endorsed by Fulton County. *Fox v. Van Oosterum*, 176 F.3d 342, 348 (6th Cir. 1999) ("No evidence indicates that this was anything more than a one-time, isolated event for which the county is not responsible."). Accordingly, the complaint fails to establish a basis of liability against the municipality and fails to state a cognizable § 1983 claim. Therefore, the § 1983 claims against FCDC/Fulton County will be dismissed.

Having determined that the federal § 1983 claims over which this Court has jurisdiction should be dismissed, this Court declines to exercise supplemental jurisdiction over any state-law negligence claims Plaintiff may be trying to assert. *See* 28 U.S.C. § 1367(c)(3) ("The district courts may decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court

has dismissed all claims over which it has original jurisdiction."). Consequently, the state-law claims will be dismissed without prejudice.[1]

      For these reasons, the Court will dismiss this action by separate Order.

Date:

cc:     Plaintiff, *pro se*
        Fulton County Attorney
4413.005

---

[1] "[S]ome claims asserted under § 1367(a) will be dismissed because the district court declines to exercise jurisdiction over them and, if they are to be pursued, must be refiled in state court." *Jinks v. Richland Cty., S.C.*, 538 U.S. 456, 459 (2003). "To prevent the limitations period on such supplemental claims from expiring while the plaintiff was fruitlessly pursuing them in federal court, § 1367(d) provides a tolling rule that must be applied by state courts." *Id.* Specifically, under § 1367(d),

     The period of limitations for any claim asserted under subsection (a), and for any other claim in the same action that is voluntarily dismissed at the same time as or after the dismissal of the claim under subsection (a), shall be tolled while the claim is pending and for a period of 30 days after it is dismissed unless State law provides for a longer tolling period.

28 U.S.C. § 1367(d).